UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MICHAEL HANSEL #624214                                        CIVIL ACTION

VERSUS                                                        NO. 17-11082

WARDEN ROBERT C. TANNER, ET AL.                               SECTION: "F"(3)


**REPORT AND RECOMMENDATION**

Plaintiff, Michael Hansel, a state prisoner, filed the instant *pro se* and *in forma pauperis* federal civil rights action against Warden Robert C. Tanner and Major Tim Crawford. In his complaint, plaintiff claims that the defendants violated his constitutional rights by depriving him of a mattress during the hours of 5:30 a.m. to 8:30 p.m. for a total of ninety days while he was on disciplinary lockdown.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>     (i)     is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

As noted, plaintiff alleges in this lawsuit that he was deprived of a mattress during daytime hours for a period of ninety days. However, even if that is true, it simply does not rise to the level of a constitutional violation. See, e.g., Alex v. Stalder, 225 Fed. App'x 313 (5th Cir. 2007) ("Alex's appellate allegations regarding the taking of his mattress from his cell during the daytime do not give rise to any Eighth Amendment violation."); Hadwin v. Stalder, 196 Fed. App'x 293, 294 (5th Cir. 2006) (prison policy requiring an inmate sentenced to isolation to relinquish his

mattress and bedding from 5:00 a.m. until 9:00 p.m. was constitutional); Young v. McCain, Civ. Action No. 16-3404, 2017 WL 2373244, at *8 (E.D. La. Apr. 24, 2017) ("[A]s for Plaintiff's allegation of being deprived of a mattress in his cell during daytime hours while housed in disciplinary segregation, the Fifth Circuit and other courts have concluded that such does not rise to the level of a constitutional violation."), adopted, 2017 WL 2371153 (E.D. La. May 31, 2017). Accordingly, even when plaintiff's complaint is broadly construed,[1] it is evident that it should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of November, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).